## No. 5025.

Mrs. Emily M. Archinard, Widow, v. Mrs. Louise Boyce, Wife of Powhatan Clark, Intervenor, and Henry A. Boyce.

The act by which the annuity for life claimed in this suit was established, seems to have been a compromise between the parties interested in the succession of plaintiff's husband—one of the conditions being that she should withdraw her application to be appointed administratrix thereof, and that the payment of said annuity might be made either by Henry Boyce or the heirs of Mrs. Irene Boyce. This agreement was subsequently carried out by them partially by making payments thereon.

This is a contract which the parties could legally make. They are bound by it. The loss to the defendants of the property of the succession of Irene Boyce can not affect plaintiff's rights. It was a clear transfer of the interests in and to their succession, which she had the right to sell and the defendants to purchase. If the property perished, or was taken from them, the loss was theirs.

But there is error in that part of the judgment which condemns Powhatan Clark, the husband of one of the defendants. He was not a party to the contract, and his wife entered into it before he married her. The property claimed in his intervention can not be made responsible for his wife's obligation contracted before marriage. The community which had existed between them had been dissolved.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. R. T. Hunter,* for plaintiff and appellee. *W. W. Whittington* and *J. G. White,* for defendants and appellants and for intervenor.

Morgan, J. Plaintiff claims from Henry A. Boyce and Mrs. Louise Boyce, wife of Powhatan Clark, and from Clark, her husband, $900. She alleges that the defendants, heirs of Mrs. Irene Boyce, upon attaining their majority, assumed the obligations of an agreement made between herself and Henry Boyce, their father, to pay her an annuity of $300, and that this annuity for the years 1871, 1872 and 1873 is now due and unpaid.

Henry Boyce, one of the defendants, was personally cited. Mrs. Clark and her husband, being absentees, were proceeded against by attachment, and property belonging to them was taken into possession by the sheriff.

The Citizens' Bank intervened, claiming a privilege upon a certain portion of the property attached, but as no one complains of the judg-

NEW ORLEANS, MARCH, 1874.        293

Mrs. Emily M. Archinard, v. Mrs. Louise Boyce and Henry A. Boyce.

ment, in so far as it passes upon its rights, there is no need to notice it further.

Powhatan Clark, the husband of Louise Boyce, and her co-defendant, intervened and claimed that the property attached is his, and that it is not liable for the debt or claim of the plaintiff and can not be taken or held therefor.

Henry Boyce and Louise Clark, and Powhatan Clark, her husband authorizing her thereto, aver that they have been divested of all the property upon which the pretended annuity or charge in favor of the plaintiff was based ; that this property consisted of a large plantation and slaves, and that it rested under a mortgage for a large amount in favor of the Citizens' Bank to secure a debt contracted by their ancestors, which was standing against the property before they came into possession of it, and long before the contract for an annuity now sought to be executed against them was entered into, and that it has been sold to satisfy this indebtedness. They aver further that they have now no means or income with which to pay the same, even if they were bound to do so, a fact which they deny.

There was judgment against them, and they have appealed.

The act under which the annuity is claimed from these defendants recites that it is "an agreement entered into by and between Mrs. Emily Archinard and Henry Boyce, tutor and attorney in fact, in which capacity he is representing herein the heirs of Mrs. Irene Boyce, deceased." Although the act is silent upon the subject, we assume, and the assumption is based upon the statements in defendant's brief, that the minor was Henry A. Boyce, and that the major was Louise Boyce, wife of Clark.

It is not necessary for us to consider whether, as tutor, Henry Boyce had the power without the authority thereto given to him by the judge of the minor's domicile, upon the advice of a family meeting, to bind his ward, inasmuch as it is alleged, and we think established, that when he reached the age of majority he assumed the obligation contracted for him by his tutor. The document by which this assumption was evidenced was destroyed by fire, but the plaintiff swears to it, and the defendants have not offered by their own testimony to contradict her. The same is to be said of Louise Boyce. If her father was not authorized to represent her in the original contract, she bound herself by the second contract, and the question now to be decided is whether the plaintiff can recover?

The act by which the annuity was established seems to have been a compromise between the parties interested in the succession of plaintiff's husband, one of the conditions being that she should withdraw the application which she had made to be appointed administratrix

thereof. This was a contract which she was authorized by law to make. The condition of her renunciation was that Henry Boyce should pay her an annuity of $300 during her life, provided that the payment thereof might be made either by Henry Boyce or the heirs of Mrs. Irene Boyce.

It was this contract which was ratified by Henry A. and Louise Boyce, and the obligations thereof assumed by them. It was subsequently carried out by them partially by making payments thereon. They are bound by it. The loss of the property to them of the succession of Irene Boyce can not affect plaintiff's rights. It was a clear transfer of her interests in and to that succession, which the plaintiff had the right to sell and the defendants to purchase. If the property perished or was taken from them the loss was theirs. This was a risk which they took upon themselves. The judgment which compels them to perform the obligation which they assumed is correct. But there is error in the judgment which condemns Powhatan Clark. He was not a party to the contract, and his wife entered into it before he married her. He is not therefore responsible. There is also error in the judgment which makes his property responsible for his wife's obligation contracted before his marriage. The property claimed in his intervention is established to be his. The community which had existed between them had been dissolved. The personal property attached is his individual property, and should have been returned to him.

It is therefore ordered, adjudged and decreed that the judgment of the district court against Powhatan Clark and rejecting his intervention, be avoided, annulled and reversed, and that there be judgment in his favor ordering the property attached to be returned to him, and that in other respects it be affirmed, defendants to pay the costs.